EUGENE H. LEHMAN, Respondent, *v.* SAMUEL GROSS, Appellant.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Contract — action on agreement to supply defendant's daughter with board and tuition for a year — under a general denial defendant may show he had privilege to withdraw child at end of half year — reversible error for court to charge that burden is on defendant to prove the contract as he contends it was.

In an action to recover a balance alleged to be due under a contract to supply defendant's daughter with board and tuition for a full school year the defendant under a general denial may show that the agreement was that his daughter was

to attend plaintiff's school for a half year upon payment of a half year's tuition fee, and in addition a certain sum for the privilege of taking her from the school at the end of the half year.

Such a denial cannot be construed as an affirmative defense of a " special contract " or a modification of a contract, thereby placing the burden of proof on the defendant instead of on the plaintiff, where it belongs.

A charge to the jury on request of plaintiff's counsel that the burden of proving the special contract was upon the defendant was granted and an exception duly taken. *Held*, that no special or modified contract having been alleged, the request to so charge should have been denied, and a judgment in favor of plaintiff will be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff for $705.37.

*Sol. H. Eisler,* for appellant.

*Rembaugh & Towle* (*Bertha Rembaugh,* of counsel), for respondent.

WASSERVOGEL, J.  Plaintiff conducted a boarding school for girls at Tarrytown known as Highland Manor.  Plaintiff claimed that he agreed to supply defendant's daughter Harriet with board and tuition during the school year 1920–1921 and that defendant agreed to pay $1,500; that tuition and board were supplied to defendant's daughter by plaintiff until she was taken away from the school by defendant; that defendant paid $839.83, and the action was brought to recover a balance of $660.17.  It seems that defendant had another daughter, Janet, who had previously become a pupil in this school.  A written application was made for Janet which was signed for defendant by some one who had authority to sign his name.  After Janet had been in the school for a while she became homesick and defendant, therefore, decided to enter his daughter Harriet in the same school, so that she might be a companion to Janet.  He discussed this matter with the plaintiff.  No application blank or contract was signed for her, but defendant stated that he agreed with plaintiff that his daughter Harriet was to attend the school for a half year upon payment of a half year's tuition fee and seventy-five dollars additional for the privilege of withdrawing her from the school at the end of the half year.  Plaintiff on the other hand claims that a contract was made for a full year.  The answer interposed by defendant is a general denial.  Under such a denial it was proper for the defendant to prove the contract which he claims had been entered into.  Counsel for the respondent erroneously assumes that defendant's testimony was introduced for the purpose of showing a modification of the contract or a " special contract " as she terms it.  Of course, such a modification or " special contract " would have to be pleaded to make the proof admissible.  An examination of the

record, however, discloses that the only allusion to a "special contract" appears in the form of a question put to defendant by plaintiff's attorney.

A denial, such as was interposed by defendant, cannot be construed as setting up an affirmative defense of a "special contract" or a modification of a contract, thereby placing the burden of proof on the defendant instead of on the plaintiff where it belongs.

After properly charging the jury on the law, the court was requested by plaintiff's counsel to charge that the burden of proving the special contract was upon the defendant. This request was granted and an exception thereto was duly taken by defendant. This request should have been denied. No special or modified contract was alleged. Defendant had merely attempted to prove the contract which he claimed was made, in his endeavor to deny the contract which plaintiff had set forth in the complaint. The burden of proof was on the plaintiff and it was error to charge that the defendant had the burden of proving his version of the contract, which in effect the trial court did.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

Guy and Erlanger, JJ., concur.

Judgment reversed.